# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GRIMES,<br>CDC #V-90377,<br><br>            Plaintiff,<br><br>vs.<br><br>JAMES TILTON, et al.,<br><br>            Defendants. | Civil No.   06-2309 BTM (LSP)<br><br>**ORDER:**<br><br>**(1)  DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND**<br><br>**(2)  DENYING MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE** |

Plaintiff, an inmate currently incarcerated at Centinela State Prison in Imperial, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a), but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I.     Motion to Proceed IFP [Doc. No. 2]**

Any party instituting a civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v.*

*Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

While Plaintiff has filed a Motion to Proceed IFP in this matter pursuant to 28 U.S.C. § 1915(a), he has not attached a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D.CAL. CIVLR 3.2. Section 1915(a)(2) clearly mandates that prisoners "seeking to bring a civil action ... without prepayment of fees ... *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) ... for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added). Without Plaintiff's trust account statement, the Court is simply unable to assess the appropriate amount of the filing fee required to initiate this action. *See* 28 U.S.C. § 1915(b)(1). Therefore, Plaintiff's Motion to Proceed IFP [Doc. No. 2] must be **DENIED**.

////

////

////

1  II. **Conclusion and Order**

2  For the reasons set forth above, **IT IS ORDERED** that:

3  Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED** without prejudice for failing
4  to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a). Plaintiff is **GRANTED** forty
5  five (45) days from the date this Order is stamped "Filed" to either: (1) pay the entire $350
6  filing fee, **or** (2) submit a certified copy of his trust account statement for the 6-month period
7  preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR
8  3.2(b). If Plaintiff files a certified copy of his trust account statement within forty five (45) days
9  the Court will reconsider his Motion to Proceed IFP.

10  **IT IS FURTHER ORDERED** that:

11  Plaintiff's Motion for Preliminary Injunction [Doc. No. 3] is **DENIED** without prejudice
12  because the case is not yet properly before the Court. Plaintiff may refile this Motion if he
13  properly moves to proceed IFP or pay the initial civil filing fee within the time provided by the
14  Court.

15  **IT IS SO ORDERED.**

17  DATED: November 8, 2006

19  Hon. Barry Ted Moskowitz
United States District Judge