1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

9
10
11

| | |
|---|---|
| DENNIS GRIMES,<br>CDCR #V-90377,<br><br>                                  Plaintiff,<br><br>               vs.<br><br>A. FAVILA; S. JUAREZ;<br>STEVE FRANCIS,<br><br>                                  Defendants. | Civil No.    06cv2309 BTM (WVG)<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR JUDGMENT ON THE<br>PLEADINGS**<br><br>**[ECF No.  169]** |

12
13
14
15
16
17
18
19

## I.      PROCEDURAL HISTORY

Dennis Grimes ("Plaintiff"), a California state prisoner currently incarcerated at the Tallahatchie County Correctional Facility located in Tutwiler, Mississippi, is proceeding pro se and *in forma pauperis* with a Complaint filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

On September 5, 2007, the Court granted in part and denied in part Defendants' Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6).  Specifically, the Court: (1) dismissed Plaintiff's claims for monetary damages against Defendants in their official capacities as barred by the Eleventh Amendment; (2) denied Defendants' Motion to Dismiss Plaintiff's Complaint for failing to allege personal acts or omissions; (3) denied Defendants' Motion to Dismiss Plaintiff's equal protection claims; (4) denied Defendants' Motion to Dismiss Plaintiff's Eighth

1 | Amendment claims; and (5) denied Defendants' Motion to Dismiss Plaintiff's Complaint on

2 | qualified immunity grounds. *See* Sept. 5, 2007 Order at 14-15.

3 |     Defendants filed their Answer [ECF No. 63] and moved for summary judgment on the

4 | grounds that: (1) no genuine issues of material facts exist to show that Defendants violated

5 | Plaintiff's Eighth Amendment rights; (2) Defendants did not substantially burden Plaintiff's

6 | religious beliefs in violation of the Religious Land Use and Institutionalized Persons Act

7 | ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et. seq*; (3) Plaintiff's claims for declaratory and injunctive

8 | relief are moot; and (4) Defendants are entitled to qualified immunity.

9 |     On March 12, 2009, this Court granted in part and denied in part Defendants' Motion for

10 | Summary Judgment. *See* Mar. 12, 2009 Order at 21. Defendants appealed the Court's Order

11 | denying Defendants' claim for qualified immunity to the United States Court of Appeal for the

12 | Ninth Circuit. On July 14, 2010, the Ninth Circuit affirmed in part the Court's March 12, 2009

13 | Order and remanded the issue of whether Defendants are entitled to qualified immunity on

14 | Plaintiff's First Amendment claim. This Court issued an Order directing the Defendants to file

15 | supplemental briefing regarding this issue. On September 6, 2011, this Court denied

16 | Defendants' Motion for Summary Judgment as to Plaintiff's First Amendment claims.

17 |     Currently pending before the Court is Defendants' Motion for Judgment on the Pleadings

18 | relating solely to Plaintiff's claims for money damages under RLUIPA [ECF No. 169]. The

19 | Court issued a briefing schedule but Plaintiff has failed to file an Opposition.

20 | **II.   MOTION FOR JUDGMENT ON THE PLEADINGS FED.R.CIV.P. 12(c)**

21 |     Defendants move for judgment on the pleadings on the ground Plaintiff cannot seek

22 | money damages against the Defendants in their individual capacities under RLUIPA. (Defs. Ps

23 | & As in Supp. of Mtn for Judg. on the Pleadings at 1.)

24 |     **A.   Standard of Review**

25 |     Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed - but

26 | early enough not to delay trial - a party may move for judgment on the pleadings." FED.R.CVI.P.

27 | 12(c). Judgment on the pleadings is proper when the moving party clearly establishes on the

28 |

1  face of the pleadings that no material issue of fact remains to be resolved. *Id.*;  *Hal Roach*

2  *Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

3       "A judgment on the pleadings is properly granted when, taking all the allegations in the

4  pleading as true, the moving parties are entitled to judgment as a matter of law." *Smith v.*

5  *National Steel & Shipbuilding Co.*, 125 F.3d 751, 753 (9th Cir. 1997); *George v. Pacific-CSC*

6  *Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (citing *Yanez v. United States*, 63 F.3d 870,

7  872 (9th Cir. 1995)).

8       **B.     Money Damages under RLUIPA**

9       Defendants move for judgment on the pleadings on the ground that Plaintiff cannot obtain

10  money damages against the Defendants in their individual capacities because "RLUIPA's

11  statutory language only allows for a private cause of action against officials for injunctive relief

12  in their official capacities."  (Defs.' Mot. at 1.)

13      RLUIPA, 42 U.S.C. § 2000cc-1, provides a statutory basis for "protect[ing] prisoners and

14  other institutionalized people from government infringement on their practice of religion."

15  *Mayweathers v. Newland*, 314 F.3d 1062, 1065 (9th Cir. 2002), *cert. denied sub nom.*, *Alameida*

16  *v. Mayweathers*, 124 S.Ct. 66 (2003) (No. 02-1655).

17      Specifically, RLUIPA provides:

18      No government shall impose a substantial burden on the religious exercise of a
        person residing in or confined to an institution ..., even if the burden results from
19      a rule of general applicability, unless the government demonstrates that imposition
        of the burden on that person – [¶] (1) is in furtherance of a compelling
20      governmental interest, and [¶] (2) is the least restrictive means of furthering that
        compelling governmental interest.
21

22  42 U.S.C. § 2000cc-1(a).

23      Recently, the United States Supreme Court held that "States, in accepting federal funding,

24  do not consent to waive their sovereign immunity to private suits for money damages under

25  RLUIPA." *Sossamon v. Texas, et al.*, 131 S.Ct. 1651, 1663 (2011) (*Sossamon II*).  The Supreme

26  Court found that Congress enacted RLUIPA "pursuant to its Spending Clause and Commerce

27  Clause authority."  *Id.*  at 1656.  "A State's consent to suit must be 'unequivocally expressed'

28  in the text of the relevant statute."  *Id.* (citing *Pennhurst State School and Hosp v. Halderman*,

1  465 U.S. 89, 99 (1984). The Supreme Court found that the statutory language in RLUIPA

2  authorizing "appropriate relief against a government," § 2000cc-2(a), is not the unequivocal

3  expression of state consent that our precedents require." *Id.* at 1658. Thus, the Supreme Court

4  held that States did not waive their sovereign immunity under RLUIPA. As a result, this holding

5  by the Supreme Court precludes any suits against the States or individuals in their official

6  capacity for money damages under RLUIPA. *Id.* at 1664.

7       However, the issue that remains before this Court is not one that has been decided by the

8  Supreme Court or the Ninth Circuit. That issue is whether RLUIPA permits claims for money

9  damages against individuals in their *individual capacity.* The Ninth Circuit has recognized that

10  the "Fifth, Seventh and Eleventh Circuits have held that RLUIPA does not provide an action for

11  damages for individual-capacity claims." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639

12  F.3d 916, 922, n. 3 (9th Cir. 2011) (citing *Sossamon v. Lone Star State of Texas,* 560 F.3d 316,

13  329 (5th Cir. 2009) ("*Sossamon I*") ("[W]e decline to read Congress's permission to seek

14  'appropriate relief against a government' as permitting suits against RLUIPA defendants in their

15  individual capacities."); *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009) ("[W]e decline to

16  read RLUIPA as allowing damages against defendants in their individual capacities."); *Smith*

17  *v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007) ("[W]e conclude that section 3 of RLUIPA - a

18  provision that derives from Congress' Spending power - cannot be construed as creating a

19  private action against individual defendants for monetary damages."))[1] The Ninth Circuit went

20  on to state that they have "not ruled on this issue in a precedential opinion and we reserve this

21  question for another day." *Id.*

22       Like the Ninth Circuit, the First, Second and Third Circuits have declined to rule on this

23  issue. *See Kuperman v. Wrenn*, 645 F.3d 69, 73 n. 6 (1st Cir. 2011) ("[W]e reserve ruling on

24  the issue of whether personal-capacity claims are available under RLUIPA.") *Hall v. Ekpe*, 2011

25  WL 2600514 (2nd. Cir. 2011) (unpublished opinion) ("Although Sossamon did not address

26

27       [1] In addition the Fourth Circuit has also issued a ruling agreeing with the Fifth, Seventh and Eleventh
    Circuits. *See Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009) ("Congress did not signal with
28  sufficient clarity an intent to subject such a person to an individual capacity damages claim under
    RLUIPA.")

1   whether RLUIPA authorizes individual capacity claims for damages, we do not reach that issue

2   in this case); *Brown v. Dep't of Corrections*, 265 Fed.Appx. 107, 111 n.3 (3rd Cir. 2008) (per

3   curiam) (unpublished) ("We also find it unnecessary to reach the questions whether individuals

4   may be liable for monetary damages under the RLUIPA.).  No Circuit has yet to issue an opinion

5   finding that prison officials may be held liable for money damages in their individual capacities

6   under RLUIPA.

7        The Ninth Circuit has acknowledged that RLUIPA was enacted under the Spending

8   Clause of Article I of the Constitution. *See Mayweathers*, 314 F.3d at 1070.[2]  The Circuits that

9   have held there is no availability of money damages under RLUIPA, have followed the rationale

10  that legislation enacted pursuant to Spending Clause authority operates like a contract.  Because

11  these individual defendants are not parties to the contract, these defendants should not be held

12  liable for money damages arising from alleged RLUIPA violations.  *See Sossamon I*, 560 F.3d

13  at 328-29.  (Fifth Circuit holding that under the Spending Clause, RLUIPA functions as a

14  contract and "individual RLUIPA defendants are not parties to the contract in their individual

15  capacities.").  These cases also follow the rationale that legislation enacted under the Spending

16  Clause does not "authorize damage actions against private individuals who are not themselves

17  recipients of federal funding." *Rendelman*, 569 F.3d at 187 (citing *Pennhurst State School &*

18  *Hospital*, 451 U.S. at 17.)  As the Fourth Circuit held, Congress did not provide sufficient clarity

19  of an intent to condition the receipt of funds under RLUIPA to allow for the "creating of an

20  individual capacity damages action." *Id.*

21       The Court finds that Spending Clause analysis of the Fourth, Fifth, Seventh and Eleventh

22  Circuits is persuasive.  Thus, the Court adopts  the rationale of the Fourth, Fifth, Seventh and

23  Eleventh Circuits, and finds that Plaintiff cannot seek monetary relief against the defendants in

24  their individual capacities under RLUIPA.  Defendants' Motion for Judgment on the Pleadings

25  is **GRANTED**.  As Defendants point out in their moving papers, the Court has previously

26  granted summary judgment for Defendants on Plaintiff's claim for injunctive relief under

27

28       [2] *See also San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004)
(acknowledging that the Ninth Circuit has "upheld RLUIPA as a constitutional exercise of Congress'
spending power.")

1  RLUIPA.  *See* March 12, 2009 Order at 21.  Thus, all of Plaintiff's claims brought pursuant to

2  RLUIPA are dismissed from this action.

3  **III.     CONCLUSION AND ORDER**

4           For all the foregoing reasons, **IT IS HEREBY ORDERED** that:

5           Defendants' Motion for Judgment on the Pleadings as to Plaintiff's RLUIPA claims [ECF

6  No. 169] is **GRANTED**.

7

8  DATED:  September 26, 2011

9

10                                          Honorable Barry Ted Moskowitz
                                            United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28