# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GRIMES,<br>CDCR #V-90377,<br><br>                    Plaintiff,<br><br>   vs.<br><br>A. FAVILA; S. JUAREZ;<br>STEVE FRANCIS,<br><br>                    Defendants. | Civil No.   06cv2309 BTM (WVG)<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION FOR JUDGMENT ON THE<br>PLEADINGS**<br><br>**[ECF No. 169]** |

**I.   PROCEDURAL HISTORY**

Dennis Grimes ("Plaintiff"), a California state prisoner currently incarcerated at the Tallahatchie County Correctional Facility located in Tutwiler, Mississippi, is proceeding pro se and *in forma pauperis* with a Complaint filed pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

On September 5, 2007, the Court granted in part and denied in part Defendants' Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6). Specifically, the Court: (1) dismissed Plaintiff's claims for monetary damages against Defendants in their official capacities as barred by the Eleventh Amendment; (2) denied Defendants' Motion to Dismiss Plaintiff's Complaint for failing to allege personal acts or omissions; (3) denied Defendants' Motion to Dismiss Plaintiff's equal protection claims; (4) denied Defendants' Motion to Dismiss Plaintiff's Eighth

Amendment claims; and (5) denied Defendants' Motion to Dismiss Plaintiff's Complaint on qualified immunity grounds. *See* Sept. 5, 2007 Order at 14-15.

Defendants filed their Answer [ECF No. 63] and moved for summary judgment on the grounds that: (1) no genuine issues of material facts exist to show that Defendants violated Plaintiff's Eighth Amendment rights; (2) Defendants did not substantially burden Plaintiff's religious beliefs in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et. seq*; (3) Plaintiff's claims for declaratory and injunctive relief are moot; and (4) Defendants are entitled to qualified immunity.

On March 12, 2009, this Court granted in part and denied in part Defendants' Motion for Summary Judgment. *See* Mar. 12, 2009 Order at 21. Defendants appealed the Court's Order denying Defendants' claim for qualified immunity to the United States Court of Appeal for the Ninth Circuit. On July 14, 2010, the Ninth Circuit affirmed in part the Court's March 12, 2009 Order and remanded the issue of whether Defendants are entitled to qualified immunity on Plaintiff's First Amendment claim. This Court issued an Order directing the Defendants to file supplemental briefing regarding this issue. On September 6, 2011, this Court denied Defendants' Motion for Summary Judgment as to Plaintiff's First Amendment claims.

Currently pending before the Court is Defendants' Motion for Judgment on the Pleadings relating solely to Plaintiff's claims for money damages under RLUIPA [ECF No. 169]. The Court issued a briefing schedule but Plaintiff has failed to file an Opposition.

II.  **MOTION FOR JUDGMENT ON THE PLEADINGS FED.R.CIV.P. 12(c)**

Defendants move for judgment on the pleadings on the ground Plaintiff cannot seek money damages against the Defendants in their individual capacities under RLUIPA. (Defs. Ps & As in Supp. of Mtn for Judg. on the Pleadings at 1.)

A.  **Standard of Review**

Federal Rule of Civil Procedure 12(c) provides: "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." FED.R.CVI.P. 12(c). Judgment on the pleadings is proper when the moving party clearly establishes on the

face of the pleadings that no material issue of fact remains to be resolved. *Id.*; *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

"A judgment on the pleadings is properly granted when, taking all the allegations in the pleading as true, the moving parties are entitled to judgment as a matter of law." *Smith v. National Steel & Shipbuilding Co.*, 125 F.3d 751, 753 (9th Cir. 1997); *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996) (citing *Yanez v. United States*, 63 F.3d 870, 872 (9th Cir. 1995)).

### B. Money Damages under RLUIPA

Defendants move for judgment on the pleadings on the ground that Plaintiff cannot obtain money damages against the Defendants in their individual capacities because "RLUIPA's statutory language only allows for a private cause of action against officials for injunctive relief in their official capacities." (Defs.' Mot. at 1.)

RLUIPA, 42 U.S.C. § 2000cc-1, provides a statutory basis for "protect[ing] prisoners and other institutionalized people from government infringement on their practice of religion." *Mayweathers v. Newland*, 314 F.3d 1062, 1065 (9th Cir. 2002), *cert. denied sub nom.*, *Alameida v. Mayweathers*, 124 S.Ct. 66 (2003) (No. 02-1655).

Specifically, RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ..., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – [¶] (1) is in furtherance of a compelling governmental interest, and [¶] (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

Recently, the United States Supreme Court held that "States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA." *Sossamon v. Texas, et al.*, 131 S.Ct. 1651, 1663 (2011) (*Sossamon II*). The Supreme Court found that Congress enacted RLUIPA "pursuant to its Spending Clause and Commerce Clause authority." *Id.* at 1656. "A State's consent to suit must be 'unequivocally expressed' in the text of the relevant statute." *Id.* (citing *Pennhurst State School and Hosp v. Halderman*,

465 U.S. 89, 99 (1984). The Supreme Court found that the statutory language in RLUIPA authorizing "appropriate relief against a government," § 2000cc-2(a), is not the unequivocal expression of state consent that our precedents require." *Id.* at 1658. Thus, the Supreme Court held that States did not waive their sovereign immunity under RLUIPA. As a result, this holding by the Supreme Court precludes any suits against the States or individuals in their official capacity for money damages under RLUIPA. *Id.* at 1664.

However, the issue that remains before this Court is not one that has been decided by the Supreme Court or the Ninth Circuit. That issue is whether RLUIPA permits claims for money damages against individuals in their *individual capacity.* The Ninth Circuit has recognized that the "Fifth, Seventh and Eleventh Circuits have held that RLUIPA does not provide an action for damages for individual-capacity claims." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922, n. 3 (9th Cir. 2011) (citing *Sossamon v. Lone Star State of Texas,* 560 F.3d 316, 329 (5th Cir. 2009) ("*Sossamon I*") ("[W]e decline to read Congress's permission to seek 'appropriate relief against a government' as permitting suits against RLUIPA defendants in their individual capacities."); *Nelson v. Miller*, 570 F.3d 868, 889 (7th Cir. 2009) ("[W]e decline to read RLUIPA as allowing damages against defendants in their individual capacities."); *Smith v. Allen*, 502 F.3d 1255, 1275 (11th Cir. 2007) ("[W]e conclude that section 3 of RLUIPA - a provision that derives from Congress' Spending power - cannot be construed as creating a private action against individual defendants for monetary damages."))[1] The Ninth Circuit went on to state that they have "not ruled on this issue in a precedential opinion and we reserve this question for another day." *Id.*

Like the Ninth Circuit, the First, Second and Third Circuits have declined to rule on this issue. *See Kuperman v. Wrenn*, 645 F.3d 69, 73 n. 6 (1st Cir. 2011) ("[W]e reserve ruling on the issue of whether personal-capacity claims are available under RLUIPA.") *Hall v. Ekpe*, 2011 WL 2600514 (2nd. Cir. 2011) (unpublished opinion) ("Although Sossamon did not address

---

[1] In addition the Fourth Circuit has also issued a ruling agreeing with the Fifth, Seventh and Eleventh Circuits. *See Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009) ("Congress did not signal with sufficient clarity an intent to subject such a person to an individual capacity damages claim under RLUIPA.")

whether RLUIPA authorizes individual capacity claims for damages, we do not reach that issue in this case); *Brown v. Dep't of Corrections*, 265 Fed.Appx. 107, 111 n.3 (3rd Cir. 2008) (per curiam) (unpublished) ("We also find it unnecessary to reach the questions whether individuals may be liable for monetary damages under the RLUIPA.). No Circuit has yet to issue an opinion finding that prison officials may be held liable for money damages in their individual capacities under RLUIPA.

The Ninth Circuit has acknowledged that RLUIPA was enacted under the Spending Clause of Article I of the Constitution. *See Mayweathers*, 314 F.3d at 1070.[2] The Circuits that have held there is no availability of money damages under RLUIPA, have followed the rationale that legislation enacted pursuant to Spending Clause authority operates like a contract. Because these individual defendants are not parties to the contract, these defendants should not be held liable for money damages arising from alleged RLUIPA violations. *See Sossamon I*, 560 F.3d at 328-29. (Fifth Circuit holding that under the Spending Clause, RLUIPA functions as a contract and "individual RLUIPA defendants are not parties to the contract in their individual capacities."). These cases also follow the rationale that legislation enacted under the Spending Clause does not "authorize damage actions against private individuals who are not themselves recipients of federal funding." *Rendelman*, 569 F.3d at 187 (citing *Pennhurst State School & Hospital*, 451 U.S. at 17.) As the Fourth Circuit held, Congress did not provide sufficient clarity of an intent to condition the receipt of funds under RLUIPA to allow for the "creating of an individual capacity damages action." *Id.*

The Court finds that Spending Clause analysis of the Fourth, Fifth, Seventh and Eleventh Circuits is persuasive. Thus, the Court adopts the rationale of the Fourth, Fifth, Seventh and Eleventh Circuits, and finds that Plaintiff cannot seek monetary relief against the defendants in their individual capacities under RLUIPA. Defendants' Motion for Judgment on the Pleadings is **GRANTED**. As Defendants point out in their moving papers, the Court has previously granted summary judgment for Defendants on Plaintiff's claim for injunctive relief under

---

[2] *See also San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004) (acknowledging that the Ninth Circuit has "upheld RLUIPA as a constitutional exercise of Congress' spending power.")

RLUIPA. *See* March 12, 2009 Order at 21. Thus, all of Plaintiff's claims brought pursuant to RLUIPA are dismissed from this action.

### III. CONCLUSION AND ORDER

For all the foregoing reasons, **IT IS HEREBY ORDERED** that:

Defendants' Motion for Judgment on the Pleadings as to Plaintiff's RLUIPA claims [ECF No. 169] is **GRANTED**.

DATED: September 26, 2011

Honorable Barry Ted Moskowitz
United States District Judge